J. S21036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                             :           PENNSYLVANIA
                         v.                     :
                                             :
JOSEPH FOSBURG,                   :         No. 1631 WDA 2017
                                             :
                  Appellant      :

Appeal from the Judgment of Sentence, May 3, 2016,
in the Court of Common Pleas of Erie County
Criminal Division at Nos. CP-25-CR-0000353-2016,
CP-25-CR-0000484-2016

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 16, 2018**

Appellant, Joseph Fosburg, appeals from the May 3, 2016 judgment of sentence following his conviction of possession of drug paraphernalia and access device fraud.[1] The trial court appointed William J. Hathaway, Esq., as appellant's counsel for the instant appeal. Attorney Hathaway has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an ***Anders*** brief.[2] We will grant counsel's withdrawal petition and affirm the judgment of sentence.

---

[1] 35 P.S. § 780-113(a)(32) and 18 Pa.C.S.A. § 4106(a), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On May 3, 2016, appellant pleaded guilty to possession of drug paraphernalia and access device fraud. Immediately upon accepting appellant's plea, the trial court sentenced appellant to one to six months' imprisonment, followed by two years' probation. Appellant did not file any post-sentence motions, nor did he file a direct appeal. On April 17, 2017, appellant filed a **pro se** petition pursuant to the Post Conviction Relief Act[3] ("PCRA"). The trial court appointed Attorney Hathaway as appellant's counsel on April 26, 2017, and Attorney Hathaway filed a supplement to appellant's PCRA petition on June 8, 2017. The trial court granted in part and denied in part appellant's PCRA petition on October 12, 2017, reinstating appellant's direct appeal rights **nunc pro tunc**. Appellant filed a notice of appeal with this court on November 1, 2017.

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on November 6, 2017. In lieu of a concise statement, Attorney Hathaway filed a statement of intent to file an **Anders** brief on November 30, 2017. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 7, 2017.

On February 12, 2018, Attorney Hathaway filed in this court a motion to withdraw as counsel and an **Anders** brief, wherein Attorney Hathaway states there are no non-frivolous issues preserved for our review.

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

requirements and obligations, for both appointed counsel and this Court. *Commonwealth v. Flowers*, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).

These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:

Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise additional points worthy of the Court's attention.

*Woods*, 939 A.2d at 898 (citations omitted).

> There are also requirements as to the precise requirements of an *Anders* brief:
>
> > [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361.

> *Id.* at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 1248. In so doing, we review not only the issues identified by appointed counsel in the *Anders* brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." *Id.*

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Hathaway's application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this court's attention, and attached to the *Anders* petition a copy of the letter sent to appellant as required under *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super. 2015). *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in *Santiago* set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in *Millisock* that remain binding legal precedent[]"). As Attorney Hathaway has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of *Anders*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact frivolous." *Santiago*, 978 A.2d at 355 n.5, citing *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981). Thus, we now turn to the merits of appellant's appeal.

The sole issue identified in Attorney Hathaway's *Anders* brief is a challenge to the discretionary aspects of appellant's sentence. Specifically,

Attorney Hathaway cited a statement by appellant that appellant "believed he had been convicted of more serious charges in the past involving the theft of more money and had received a more lenient sentence." (**Anders** brief at 2.)

When reviewing the discretionary aspects of an appellant's sentence, we employ the following standard of review:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa.Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), **appeal denied**, 909 A.2d 303 (Pa. 2006) (internal citations omitted).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). Because **Anders** requires us to review issues that are otherwise waived on appeal, we will address appellant's issue on its merits. **Commonwealth v. Lilley**,

978 A.2d 995, 998 (Pa.Super. 2009); *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa.Super. 2001).

Here, appellant contends that the trial court erred in its sentence because appellant received more lenient sentences for more serious offenses in the past. Any sentences appellant may have received for past offenses is irrelevant here. The trial court sentenced appellant to a term of imprisonment below the statutory maximum. Accordingly, appellant's issue is without merit.

In sum, we find this appeal to be wholly frivolous, and our independent review of the entire record has not disclosed any other potentially non-frivolous issues. Consequently, we grant Attorney Hathaway's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2018